■ MANUEL I. QUINTANA v. WILLIAM J. REYNAL.— Motion for an extension of time granted insofar as to extend defendant's time to answer the amended complaint until 20 days after service of a copy of the order entered herein, with notice of entry thereof. In all other respects, the motion is denied. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ In the Matter of McCoy's BAR & GRILL, INC., against NEW YORK STATE LIQUOR AUTHORITY et al.— Motion to dispense with printing denied. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ WILLIAM KRIGER et al. v. JOSEPH P. DAY, INC., et al.— Motion for restitution of costs granted as to defendant-respondent, Joseph P. Day, Inc., and dismissed as to defendant-respondent, General Electric Company. Joseph P. Day, Inc., is required to make restitution to the plaintiff of the sum of $25 by it received by reason of the enforcement of the judgment herein, such payment to be paid within 10 days of service of a copy of the order herein with notice of entry upon the defendant, Joseph P. Day, Inc., or its attorneys. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ STUART G. BALLIN v. MARGARET S. BALLIN.— Motion to dismiss appeal granted unless the appellant perfects the appeal for argument or submission for the January 1961 Term of this court. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ STUART G. BALLIN v. MARGARET S. BALLIN.— Motion to dispense with printing denied, without prejudice to a renewal thereof upon a proper affidavit of merit. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

## (June 17, 1960)

■ JAMES MARTIN v. EUGENE SKINNER et al.— Motion for a stay denied. The stay contained in the order to show cause, dated June 15, 1960, is vacated. Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.

## (June 21, 1960)

■ ABRAHAM RUBIN et al., Respondents, v. NEMENIVA ANDINO, Appellant.
APPEAL from an order of the Supreme Court at Special Term, entered December 17, 1959, in Bronx County, which granted a motion by plaintiffs for summary judgment under rule 113 of the Rules of Civil Practice and directed an assessment of damages.

MEMORANDUM BY THE COURT. Order dated December 17, 1959, granting plaintiffs' motion for summary judgment reversed on the law and on the facts, with $20 costs and disbursements to defendant-appellant, and the motion denied, with $10 costs. Despite plaintiffs' claim of injuries, issues of fact are raised with respect to whether plaintiffs sustained any injuries or suffered any property damage, or whether they were suffered as a result of the alleged accident. Even the papers in support of plaintiffs' motion indicate the existence of a question of fact. "Consequently the court does not reach the question whether issues of liability otherwise satisfy the rule in Di Sabato v. Soffes (9 A D 2d 297)". (Ruppert v. Building Materials Dist., 10 A D 2d 621.)

McNALLY, J. (dissenting). In this action for personal injuries, plaintiffs moved for and Special Term granted summary judgment under rule 113 of the Rules of Civil Practice and an assessment of damages. The moving papers indicate that the automobile owned by plaintiff Gloria Rubin and of which the